IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSEPH MICHAEL MILLER,

    Plaintiff,

v.                                       No. 14-1235

CITI TRENDS, INC.,

    Defendant.
_____

ORDER DENYING OBJECTION, ADOPTING REPORT AND RECOMMENDATION,
DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD
FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*
_____

        The Plaintiff, Joseph Michael Miller, brought this *pro se* action for copyright infringement on September 15, 2014 alleging that the Defendant, Citi Trends, Inc. ("Citi Trends"), sold a hat infringing on his copyright. (D.E. 1.) In a report and recommendation entered March 13, 2015, United States Magistrate Judge Edward G. Bryant recommended that the matter be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 7.) Before the Court is the Plaintiff's timely objection to the magistrate judge's recommendation. (D.E. 8.)

        By enacting 28 U.S.C. § 636, Congress intended "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to [magistrate judges.]" *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). When a report and recommendation prepared by a magistrate judge concerns a dispositive motion, upon the filing of objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge

may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In his complaint, Miller alleged that he purchased from the Citi Trends store a hat described by him as "TRILL Block SB Silver." According to a photocopy of what appears to be a webpage submitted to the Court with his objection, the item was a black trucker-type cap with the word "TRILL" on the front in plated acrylic lettering. Miller alleged that the hat infringed on his Certificate of Registration Number VAu 1-047-786, dated September 9, 2010, for JoLo Milla Band (the "Certificate"). The Certificate identified the nature of the work created by Miller as "Artwork/Text." (D.E. 1-2 at 1.) Plaintiff described his product idea in documents appended to his objection thusly: "I have a new clothing line with the combination of a vehicle and a house address on fabric. plates on fabric numbers, letters and logo's" (sic). (D.E. 8-5 at 1.) He also attached to his objection a copy of a patent application submitted to the United States Patent and Trademark Office for a "'Jolo Milla Band' blingbling chrome gold shinney (sic) letters on a head band or armband."[1] (D.E. 8-24 at 1.)

Magistrate Judge Bryant determined that the Certificate did not establish his claim and did not appear to apply specific copyright protection to a cap identical to the one he purchased. This Court must agree. There is simply nothing before it that supports the Plaintiff's claim. Therefore, the objection is DENIED, the report and recommendation is ADOPTED and this matter is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper

---

[1] There is nothing before the Court to indicate that a patent was issued.

status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that, if a party was permitted to proceed *in forma pauperis* in the district court,[2] he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Rule 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.[3]

The Clerk of Court is DIRECTED to prepare a judgment.

---

[2] Such permission was granted in this case on September 16, 2014. (D.E. 3.)

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of motions intended for filing in the Sixth Circuit.

IT IS SO ORDERED this 30th day of March 2015.

            s/ J. DANIEL BREEN
            CHIEF UNITED STATES DISTRICT JUDGE